FILED

2025 Oct-28  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EDGAR DANIEL GALVAN CASTILLO,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:23-cv-08031-RDP** |
| | } | **2:21-cr-00152-RDP-SGC-1** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on Petitioner Edgar Daniel Galvan Castillo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) and supporting Brief (Doc. # 2). The Government has responded to the Motion (Doc. # 8) and submitted an Affidavit from Samuel Ray Holmes, Castillo's retained counsel in his criminal matter at the time of sentencing. (Doc. # 9-1). Castillo has not filed a reply in support of his Motion.

**I.       Background**

On May 4, 2021, Petitioner Castillo was charged in a criminal complaint with possession of methamphetamine with the intent to distribute. (Case No. 2:21-cr-00152-RDP-SGC ("Crim.") Doc. # 1). On May 25, 2021, Castillo was indicted by the Grand Jury for the Northern District of Alabama for possession of five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine with the intent to distribute. (Crim. Doc # 15).

On June 16, 2021, at his arraignment, Castillo entered a not guilty plea. Also on June 16, 2021, Castillo's initial retained counsel was relieved and the Federal Public Defender ("FPD") was appointed to represent Castillo. On June 29, 2021, Castillo, along with co-defendants, was charged

in a Superseding Indictment that included a conspiracy charge. (Crim. Doc. # 30). The Superseding Indictment charged Castillo with Conspiracy to Possess with Intent to Distribute and to Distribute 500 grams or more of a mixture and substance containing methamphetamine (Count 1); Distribution of Fifty grams or more of methamphetamine (Counts 2, 3, 4, 5, and 6); Possession with Intent to Distribute 500 grams or more of a mixture and substance containing methamphetamine (Count 7); Possession of Firearms in furtherance of a Drug Trafficking Offense (Count 8); and Possession of a firearm by an illegal alien (Count 9). (*Id.*).

On July 8, 2021, the FPD withdrew from representing Castillo and retained counsel William H. Broome appeared on behalf of Castillo. (Crim. Docs. # 33, 34, 35). On August 23, 2021, Castillo was arraigned on the Superseding Indictment and entered a not guilty plea. On or about September 14, 2021, the court was informed that Castillo sought a hearing for the purpose of changing his plea and set a consent hearing. (Crim. Doc. # 55).

On October 20, 2021, the United States and Castillo entered into and filed with the court a Plea Agreement pursuant to which Castillo pleaded guilty to Counts One, Two, Four, Five, Seven, and Eight, and the United States agreed to dismiss Counts Three, Six, and Nine. (Crim. Doc. # 70). Plea Agreement). The Plea Agreement contained a waiver of the right to appeal and the right to seek post-conviction relief under 28 U.S.C. § 2255 except under limited circumstances. (Crim. Doc. # 70 at 15-17). Castillo initialed each and every page of the Plea Agreement. (*Id.*). On November 2, 2021, in accordance with the Plea Agreement, Castillo pled guilty to Counts One, Two, Four, Five, Seven, and Eight of the Superseding Indictment and the Government agreed to dismiss Counts Three, Six, and Nine.

2

On February 10, 2022, Castillo moved for new counsel. (Crim. Doc. # 91). After a hearing on the Motion, the court again appointed the FPD to represent Castillo. (Crim. Doc. # 94). On April 11, 2022, retained counsel Samuel R. Holmes appeared on behalf of Castillo and the FPD again withdrew from representing Castillo. (Crim. Docs. # 107, 108, 109).

On July 25, 2022, Castillo was sentenced to 120 months on Counts One, Two, Four, Five, and Seven to be served concurrently and to 60 months as to Count Eight, to be served consecutively, for a total sentence of 180 months imprisonment. (Crim. Docs. # 132, 133). This sentence was below the guideline range. (Crim. Docs. #131 at 20, # 133 at 3).

Castillo did not file an appeal. Castillo's attorney at the time, Mr. Holmes, has submitted an affidavit stating that "[a]t no time did Mr. Edgar Daniel Galvan Castillo direct [him] or his office to file a Notice of Appeal on his behalf." (Doc. # 9-1).

## II.    Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to file a motion in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements that mandate that such a motion must specify all the grounds of relief and state facts that support each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or

3

post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### III.    Discussion

Castillo raises the following issues: (1) a general ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 688 (1984); (2) failure of his counsel to move for "Safety Valve" relief; (3) failure of his counsel to argue that government had offered a two-level enhancement under United States Sentencing Guideline § 2D1.1(b)(1) in exchange for a timely plea and dismissal of the 18 U.S.C. § 924(c); (4) failure of his counsel to object during the sentencing hearing, which caused Castillo to "suffer[] prejudice under a sentencing entrapment;" and (5) failure of his counsel to timely file a notice of appeal. (Doc. # 2).

The court first considers whether Castillo's § 2255 motion is timely. After that discussion, the court addresses the merits of his claims.

### A.    Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "Congress prescribed a one-year statute of limitations on § 2255 motions." *Davenport v. United States*, 217 F.3d 1341, 1343 (11th Cir. 2000). The statute of limitations begins to run from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Castillo was sentenced on July 25, 2022. (Crim. Doc. # 132). Because Castillo did not file a timely direct appeal, his conviction and sentence became final fourteen days later, on August 8, 2022. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining where no

timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Castillo did not sign his motion until August 30, 2023, three weeks *after* the one year period under which his conviction became final. It was filed on September 8, 2023. (Doc. # 1). On its face, Castillo's § 2255 Motion is barred by the applicable statute of limitations.

The statute of limitations set forth in 28 U.S.C. § 2255(f) may be equitably tolled in appropriate cases. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that a similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271. "Because equitable tolling is an extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (quotations omitted). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotation omitted).

Although one of the grounds for his ineffective assistance claim is that counsel failed to file a timely notice of appeal, Castillo has not responded to the argument that his § 2255 Motion is untimely. Therefore, he has not presented anything to show either (1) that he was pursuing his rights diligently, or (2) that some extraordinary circumstance stood in his way and prevented timely filing. As such, Castillo's § 2255 Motion is due to be denied as untimely.

Even though his claim is untimely, the court nevertheless proceeds to evaluate his claims on their merits.

### B.    Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two prongs: (1) the petitioner "must show that the counsel's performance was deficient"; and (2) the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second prong is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A petitioner must identify specific acts or omissions that reveal the lack of reasonably effective assistance. *Strickland*, 466 U.S. at 687; *see also, e.g., Lecroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof ... on a § 2255 petition belongs to the petitioner"). "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted).

In examining counsel's performance, a court should be "highly deferential." *Strickland*, 466 U.S. at 689. That is, a court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The court must also "indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this second prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden can be met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391-93 (2000); *Strickland*, 466 U.S. at 691.

Castillo has alleged several ineffective assistance grounds in his Motion, but generally he does not identify which of his many defense counsel were responsible for these acts. Below the

court addresses the specific grounds on which Castillo bases his ineffective assistance of counsel claim.

### A.    Ground One

Castillo claims his counsel failed to advise the court that he had agreed to cooperate with the United States, which denied him the opportunity to qualify for "Safety Valve" relief. (Doc. # 2 at 5-6). Castillo asserts that he would have been eligible for relief under the "Safety Valve" provisions under 18 U.S.C. 3553. However, in order to qualify for "Safety Valve" relief, 18 U.S.C. § 3553(f) sets forth five criteria that must be satisfied, including that the defendant did not possess a firearm or other dangerous weapon in connection with the offense. 18 U.S.C. 2553(f)(1).

Here, Castillo pled to and agreed within the factual basis of the Plea Agreement, including that he possessed firearms in furtherance of his drug trafficking crimes. (See Crim. Doc. # 70 at 21). Therefore, even if Castillo had cooperated with the United States, he nonetheless would have failed to qualify for relief under 18 U.S.C. § 3553(f). This claim is due to be denied.

### B.    Ground Two

Castillo claims his counsel was ineffective by failing to inform the court that the United States offered a two-level enhancement under U.S.S.G. § 2D1.1(B)(1) in exchange for a timely plea of guilty and to not seek a § 924(c) charge. (Doc. # 2 at 6). The United States responds that Plea Agreement was the only formal written plea offer to Castillo. Each page of that Plea Agreement was initialed by Castillo and it was filed with the court. The Government also states that, after the initial complaint and indictment, Castillo rejected any attempted negotiations by the United States to resolve his criminal case. Indeed, on February 10, 2022, Castillo moved to fire his

attorney because he "keeps asking me to go to work for the government and this is not what I paid him for." (Doc. # 91).

After the superseding indictment that included Castillo's codefendants, he entered into the Plea Agreement that was filed on the docket. In that agreement, he agreed to the factual basis for the plea and initialed each page. Thereafter, he pled guilty to several counts after a lengthy colloquy with the court, and he knew he was facing mandatory minimum penalties of ten-years and a consecutive five-year sentence.

Castillo has failed to explain how not raising this issue (that is wholly belied by the terms of a written Plea Agreement) during the sentencing phase falls below the objective standard of reasonableness as to counsel's representations and performance in Castillo's defense. This claim utterly fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, it is due to be denied.

## C.    Ground Three

Castillo claims that counsel was ineffective because he failed to object that Castillo had suffered prejudice under sentencing entrapment. (Doc. # 2 at 7-8). He argues that "Trial Counsel should have challenged his sentence and argued for a downward departure based on sentencing manipulation." (*Id*. at 8).

Sentencing entrapment, as defined by the Eleventh Circuit Court of Appeals "is the claim that 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.'" *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (quoting *United States v. Stuart*, 923 F.2d 607, 614 (8th Cir. 1991)).

9

A sentencing factor manipulation "points to 'the opportunities that the sentencing guidelines pose for prosecutors to gerrymander the district court's sentencing options and thus, defendant's sentences.'" *Id.* (quoting *United States v. Connell*, 960 F.2d 191, 194 (1st Cir. 1992)). Whereas sentencing entrapment focuses on a defendant's predisposition, sentencing factor manipulation focuses on government conduct. *Id.*

> Castillo argues that he suffered both:
>
> sentencing entrapment and sentencing manipulation where the CI continued to buy drugs for government to increase the number of drug transactions and quantities for which he was held responsible. Its obvious that the person that was delivering the drugs each time the CI requested a new purchase, was never arrested or that the source was identified to warrant repeated Boys [sic] through the CI, government cooperating witness. Castillo can demonstrate that the government agents engaged in the later drug transactions solely to enhance his potential sentence.

(Doc. # 2 at 8). As he further asserts, "with the first drug transaction there was sufficient evidence to trigger the 10-year mandatory minimum." (*Id.*).

Considering that the original Complaint and original Indictment named only Castillo and charged only one count of Possession of Methamphetamine with Intent to Distribute (Crim. Docs. # 1, 15) and that the Superseding Indictment additionally charged two co-defendants and alleged a conspiracy (Crim. Doc. # 30), the more likely explanation is that the additional buys were designed to uncover the members of the conspiracy. Moreover, as Castillo himself acknowledges, he was subject to mandatory minimum penalties under the counts to which he pled guilty (a ten-year mandatory minimum penalty for violations of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and a consecutive 5-year mandatory minimum penalty for a violation of 18 U.S.C. § 924(c)). Castillo was sentenced to that statutory mandatory minimum penalty of 180 months which was below his advisory guideline range. (Crim. Docs. # 131, 132, 133).

10

Counsel negotiated a mandatory minimum sentence in the Plea Agreement that was lower that Castillo's advisory guideline range. This is not ineffective assistance. Castillo has failed to show that his counsel's performance fell below the objective standard of reasonableness. Because he has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" *Strickland*, 466 U.S. at 689, this claim is due to be denied.

###    D.    Ground Four

Finally, Castillo claims his counsel was ineffective because he failed to timely file a notice of appeal when instructed to do so. Mr. Holmes was counsel for Castillo at his sentencing and he has submitted a sworn Affidavit stating that "[a]t no time did Mr. Edgar Daniel Galvan Castillo direct [him] or his office to file a Notice of Appeal on his behalf." (Doc. # 9-1). Ordinally, the court would need to conduct an evidentiary hearing to resolve this dispute. However, here that is unnecessary.

Castillo claims he "instructed Trial Counsel to file a Notice of Appeal because he wanted to appellate review of his sentence which had been erroneously enhanced under the USSG." (Doc. # 2 at 10). Castillo's sentence, as discussed above, was not enhanced under the Sentencing Guidelines. In fact, he was sentenced *below* his advisory Guideline range. (Crim. Docs. # 131 and 132). Therefore the argument that his counsel was ineffective for filing an unfounded notice appeal is entirely without merit because, regardless of whether he can establish cause, he cannot show prejudice. This claim is due to be denied.

## IV.    Conclusion

Petitioner has failed to meet his burden of showing that his counsel's performance fell below an objective standard of reasonableness. *Holladay*, 209 F.3d at 1248. Therefore, he has also failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. For all of these reasons, Petitioner Castillo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is due to be denied.

**DONE** and **ORDERED** this October 28, 2025.

_____

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE